IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| VATO TAHGUV,<br><br>  Petitioner,<br><br><br><br>vs.<br><br><br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE<br><br><br><br><br><br>Civil Case No. 1:10-CV-97 TS<br><br>Criminal Case No. 1:05-CR-150 TS |

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. For the reasons discussed below, the Court finds the Motion is barred by the statute of limitations and will be denied.

I.  BACKGROUND

Petitioner was indicted on one count of being a felon in possession of a firearm on November 30, 2005. Petitioner pleaded guilty on August 24, 2006, and was sentenced on December 19, 2006, to 180 months custody with the Bureau of Prisons.

1

Petitioner filed a direct appeal. The Tenth Circuit Court of Appeals permitted Petitioner's counsel to withdraw following the filing of an *Anders*[1] brief and subsequently dismissed the appeal on February 8, 2008.[2] Petitioner did not file a petition for a writ of certiorari.

II. DISCUSSION

In general, a prisoner may not file a § 2255 motion more than one year after his conviction becomes final.[3] Section 2255(f) states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Under § 2255(f)(1), Petitioner's conviction became final when the time for filing a certiorari petition expired.[4] In this case, Petitioner's conviction became final on May 8, 2008,

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

[2] *United States v. Tahguv*, 264 Fed. Appx. 719 (10th Cir. 2008).

[3] *See also United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997).

[4] *Clay v. United States*, 537 U.S. 522, 527 (2003).

ninety days after Petitioner's appeal was dismissed.[5] Petitioner did not file his § 2255 Motion until June 17, 2010, well after the one year limitations period.

The one-year statute of limitations is subject to equitable tolling but only in "rare and exceptional circumstances."[6] The Tenth Circuit has stated that "[e]quitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period."[7] This equitable remedy is only available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."[8] Petitioner has the burden of establishing that equitable tolling should apply.[9]

Petitioner argues that the limitations period here should be equitably tolled for two reasons: (1) uncontrollable circumstances; and (2) actual innocence.

Petitioner first argues that equitable tolling should apply because he was not informed of the dismissal of his direct appeal until December 2010. This argument, however, is belied by the

---

[5]Sup.Ct.R. 13.

[6]*See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

[7]*Id*.

[8]*Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

[9]*Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

record. The record of both this Court[10] and the Tenth Circuit Court of Appeals[11] reveal that Petitioner was provided with a copy of the Tenth Circuit's order dismissing his case and of the mandate. Therefore, the Court must reject Petitioner's argument that he did not receive a copy of the decision on his appeal.

Petitioner also argues that he is entitled to equitable tolling based on actual innocence. Actual innocence may provide a basis for equitable tolling.[12] However, a petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."[13] A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."[14]

Petitioner fails to provide anything to support his claim of actual innocence. Petitioner's conclusory allegation that he is factually innocent is insufficient to justify equitable tolling.[15]

---

[10]Docket No. 64 in Criminal Case No. 1:05-CR-150 TS.

[11]Docket No. 9, Ex. B in Civil Case 1:10-CV-97 TS.

[12]*Gibson*, 232 F.3d at 808.

[13]*Bousley v. United States*, 523 U.S. 614, 623 (1998) (citations omitted).

[14]*Schlup v. Delo*, 513 U.S. 298, 324 (1995).

[15]*United States v. Chapman*, 220 Fed. Appx. 827, 831 (10th Cir. 2007).

Petitioner merely continues to challenge the ACCA enhancement to his sentence.  However, this issue was addressed on direct appeal.  Therefore, it is barred.[16]

### III.  CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner's § 2255 Motion (Docket No. 1 in Case No. 1:10-CV-97 TS) is DENIED for the reasons set forth above.  It is further

ORDERED that Petitioner's Motion for Leave to Supplement (Docket No. 8 in Case No. 1:10-CV-97 TS) is DENIED.

The Clerk of Court is directed to close Case No. 1:10-CV-97 TS forthwith.

SO ORDERED.

DATED   September 20, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[16] *United States v. Prichard*, 975 F.2d 789, 791 (10th Cir. 1989) ("Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255.").